# Exhibit G to Notice of Removal

| | |
|---|---|
| Robert D. Kline | ) IN THE COURT OF COMMON |
| | ) PLEAS, MIFFLIN CO, PA |
| PLAINTIFF | ) CIVIL ACTION - LAW |
| | ) NO. CV - 2018 - 1152 |
| V. | ) |
| | ) |
| Health and Life Associates, LLC, John Ripple, ) | |
| Jillian Ripple, Kellee Hiob | ) |
| | ) |
| DEFENDANTS | ) |
| | |
| American General Life Insurance Co. & | |
| Axis Insurance Company | |
| | |
| ADDITIONAL DEFENDANTS | |

FILED MIFFLIN COUNTY
2021 FEB -9 AM 10: 36
PROTHONOTARY CLERK OF COURTS

## PLAINTIFF'S COMPLAINT

**PLAINTIFF**

Robert D. Kline
2256 Fairview Road
McClure, PA 17841
570-658-3448

**DEFENDANTS**

American General Life Insurance Co.
c/o Corporation Service Co.
251 Little Falls Drive
Wilmington, DE 19808

Axis Insurance Company c/o
Corporation Service Company
43 Technology Pkwy. S., Ste. 300
Norcross, GA 30092

Health and Life Associates, LLC
c/o John Ripple
2700 Philadelphia Road, Ste. C
Edgewood, MD 21040

Kellee Hiob
1819 Robinson Mill Rd.
Darlington, MD 21034

John Ripple
4692 Millenium Drive, Ste 410
Belcamp, MD 21017

Jillian Ripple
4692 Millenium Drive, Ste 410
Belcamp, MD 21017

4825-9309-6159

| | |
|---|---|
| Robert D. Kline<br><br>    PLAINTIFF<br><br>V.<br><br>Health and Life Associates, LLC, John Ripple,<br>Jillian Ripple, Kellee Hiob<br><br>    DEFENDANTS | IN THE COURT OF COMMON<br>PLEAS, MIFFLIN CO, PA<br>CIVIL ACTION - LAW<br>NO. CV - 2018 - 1152 |

American General Life Insurance Co. &
Axis Insurance Company

    ADDITIONAL DEFENDANTS

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

    MIDPENN LEGAL SERVICES
    3 WEST MONUMENT SQUARE, SUITE 303
    LEWISTOWN, PA 17044
    717-248-3099

4825-9309-6159

| | |
|---|---|
| Robert D. Kline | IN THE COURT OF COMMON PLEAS, MIFFLIN CO, PA |
| PLAINTIFF | CIVIL ACTION - LAW |
| | NO. CV - 2018 - 1152 |
| V. | |
| Health and Life Associates, LLC, John Ripple, Jillian Ripple, Kellee Hiob | |
| DEFENDANTS | |

American General Life Insurance Co. &
Axis Insurance Company

ADDITIONAL DEFENDANTS

FILED MIFFLIN COUNTY
2021 FEB -9 AM 10:36
PROTHONOTARY CLERK OF COURTS

## "PLAINTIFF'S COMPLAINT"

### FACTS COMMON TO ALL COUNTS

1. Plaintiff, **Robert D. Kline**, is an adult individual who at all times relevant herein has residence at 2256 Fairview Road, McClure, PA 17841 and is registered on the Pennsylvania "Do Not Call" registry "the DNC").

2. Plaintiff, upon information and belief, hereby alleges that at all times relevant herein Defendant, **Health and Life Associates, LLC ("HLA")** has offices at 2700 Philadelphia Road, Ste. C, Edgewood, MD 21040 and is an insurance agency in the business of selling health insurance through telemarketing methods with various underwriter companies through the use of various agents.

3. Plaintiff believes and therefore avers that **John Ripple ("John")** is an officer of LLC, being one of the main beneficiaries of the illegal telemarketing

activities described herein and for all times relevant herein was served with process at 4692 Millenium Drive, Ste 410, Belcamp, MD 21017.

4. Plaintiff believes and therefore avers that **Jillian Ripple ("Jillian")** is an officer of LLC, being one of the main beneficiaries of the illegal telemarketing activities described herein and for all times relevant herein was served with process at 4692 Millenium Drive, Ste 410, Belcamp, MD 21017.

5. Plaintiff believes and therefore avers that **Kellee Hiob ("Hiob")** is an agent of LLC, and was the sales person/agent who directly engaged in the illegal telemarketing activities described herein and for all times relevant herein was served with process at 1819 Robinson Mill Rd., Darlington, MD 21034.

6. Plaintiff believes and therefore avers that **American General Life Insurance Co. ("General")** is an insurance underwriter that provides insurance products for LLC and for all times relevant herein has commercial office space located at Corporation Service Co., 251 Little Falls Drive, Wilmington, DE 19808.

7. Plaintiff believes and therefore avers that **Axis Insurance Company ("Axis")** is an insurance underwriter that provides insurance products for LLC and for all times relevant herein has commercial office space located at c/o Corporation Service Co., 43 Technology Pkwy. S., Ste. 300, Norcross, GA 30092.

8. Plaintiff believes and therefore avers that for all times relevant herein Defendants were engaged in the illegal telemarketing to provide health insurance quotes and services via telephone (phone) by repetitive calls which were made live, automatically dialed or prerecorded ("robo") that violated 47 U.S.C. 227 et

seq.

9. Plaintiff believes and therefore avers that the calls described herein and placed by Defendants and/or his agents/reps, subcontractors or employees to Plaintiff's phone utilized Avatar technology with "automatic telephone dialing system" ("ATDS") with as defined by 47 U.S.C. §227 (a)(1) and is further described in the next paragraph.

10. Plaintiff avers that, more specifically, Defendants and/or their agents used ("ATDS") type equipment to do telemarketing which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person) which enables the production of automatic calls with prerecorded messages to potential clients.

11. Plaintiff believes and therefore avers that Defendants call prospects multiple times that are listed on the DNC with out the use of Neustar lists or any other preventive measures.

12. Such illegal telemarketing activities as alleged and described herein this Complaint were made in violation of 47 U.S.C. 227 et seq. which is commonly known as the Telephone Consumer Protection Act ("TCPA").

13. Plaintiff avers that when Defendants or their agent makes an Robo/Avatar type calls to prospective clients telephones; it provides a prerecorded message after which a live agent answers.

14. Plaintiff avers that upon information and belief, since Defendants are directly engaged in illegal telemarketing activities as well as support and ratify

each other activities, they are jointly and severally labile for the illegal activities described herein and thus have engaged in the illegal activities knowingly and willfully.

15. Plaintiff believes and therefore avers that the named human Defendant's illegal telemarketing operations are ultra vires activities and, as such, are not protected by a corporate veil or umbrella of any corporation that they would claim and, accordingly, they are personally liable for their own illegal actions and also jointly liable for the illegal actions of other agents whether employees and subcontractors that aided them in attempting to provide leads to them while violating the TCPA.

16. Plaintiff avers that he is not and was not a customer of the Defendants prior to the phone calls described herein and that Plaintiff and Defendants are each "persons" within the meaning of 47 U. S. C. §153(39).

17. Plaintiff further avers that he has never given his expressed written permission for Defendants and/or their agents to call him on his phone.

18. The TCPA was designed to prevent calls like the calls described within this complaint, and to protect the privacy of citizens like the Plaintiff.

19. Plaintiff avers that voluminous consumer complaints about abuses of telephone technology, such as computerized calls dispatched to private homes, prompted Congress to pass the TCPA.

20. When Congress enacted the TCPA, they found, inter alia, that automated calls and prerecorded messages are a "nuisance," and an "invasion of privacy," and that the phone subscriber may have to pay for each call.

21. Plaintiff avers that in enacting the TCPA, Congress intended, inter alia, to give consumers a choice as to how creditors and telemarketers may call them, and made specific finding that "technologies that might allow consumer to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer as illuminated in TCPA, Pub. L. No. 102-243 § 11.

22. Plaintiff avers that Congress also found that, inter alia, banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

23. Plaintiff aver that the Federal Communication Commission ("FCC") has made ruling regarding the TCPA's vicarious liability standards as it relates to telemarketing and as early as 1995, the FCC stated that calls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call.

24. Plaintiff avers that the TCPA legislation was enacted to suppress illegal telemarketing calls that are like the call that is pleaded herein as well as punish those who make them by allowing a private right of action that provides a statutory fine for the benefit of those affected.

25. Defendant or his agent's phone calls constituted calls that were not made for emergency purposes as illuminated in 47 U.S.C. §227 et seq.

26. The telephone calls and activities described herein below which were

caused by Defendants and/or their agents violated various provisions of 47 U. S. C. §227 et seq.

27. Upon information and belief Plaintiff avers that Defendants were not registered as a telemarketers in the Commonwealth of Pennsylvania as required by The Pennsylvania Telemarketing Registration Act 73 P.S. §§2241 – 2249 ("the Act") when he or his agents made the calls to Plaintiff nor have they posted the required $50,000.00 bond.

28. The Act provides at § 2243(c), inter alia, that failure to register as required by the act constitutes a misdemeanor of the second degree.

29. The Communications Act of 1934, states, inter alia: "[T]he act, omission, or failure of any agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be deemed to be the act, omission, or failure of such carrier or user as well as of that person." 47 U.S.C. § 217.

30. In the alternative, Plaintiff believes and therefore avers that Defendants Jillian and John are personally liable for TCPA violations as they failed to supervise subordinates, subcontractors and agents within their company to ensure TCPA compliance and that they are thus vicariously liable for the illegal actions of their other agents to include employees and subcontractors that aided them in providing prospects while violating the TCPA.

### COUNT I – WILLFUL VIOLATION OF 47 U. S. C. §227(b)(1)(iii)

31. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

32. Plaintiff avers that on September 11, 2018 at 11:55 AM Plaintiff answered his cell phone (570-658-3448) and received an Avatar type prerecorded message relating to health insurance after which an agent, who identified himself as Hiob, asked various questions relating to health insurance needs of Plaintiff.

33. Plaintiff avers that the call referenced herein his count displayed the spoof number 931-228-0164 from (McEwen, TN) and was made without the expressed written permission of Plaintiff.

34. Hiob asked Plaintiff various questions in regards to his insurance needs and when asked who provided insurance policies she mentioned Axis and General indicated that she was agent for them.

35. Hiob also reported to Plaintiff that she worked for HLA.

36. Plaintiff avers that the phone call made on referenced herein was an robo type illegal phone call to Plaintiff's cell phone and was made by the agent of Defendants without opt out capability in violation of the TCPA for which Defendants are liable.

37. Plaintiff has suffered concrete injury in fact because the call referenced herein deplete both the memory and battery capacity of the Plaintiff's cell which diminishes the usefulness of said phone as well as causes general annoyance and loss of time to discover who is calling without express permission.

38. Since calling the Plaintiff as described under Count I was made without written expressed permission of Plaintiff and was a telemarketing/ATDS call, Defendants have violated 47 U.S.C. 227 et seq. which entitles the Plaintiff to

statutory damages of $500.00.

39. Plaintiff avers that the call referenced herein this Count I was made knowingly and willfully without proper safeguards as required by the TCPA and that he is therefore entitled to $1500.00 for the call referenced herein this Count.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Dollars ($1500.00) plus the costs of this action for the violations of the TCPA as illuminated herein this Count.

## COUNT II - TRESPASS TO CHATTELS

40. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth herein.

41. Plaintiff avers that discovery will show that Defendants or their agents continued to call Plaintiff at least 10 times in September of 2018 in addition to the call identified herein and some or all of said calls may have violated the TCPA as they were made without the expressed permission of Plaintiff.

42. Plaintiff, not Defendants, pays money to his cell phone carrier for service and equipment which enables him to receive and make calls and, therefore, his phone for all purposes herein is his personal property.

43. The phone calls which are identified and described herein were made illegally by or through Defendants to Plaintiff and were unwanted and unsolicited by Plaintiff.

44. Since said cell phone service described above is for all purposes herein Plaintiff's personal property to use as he sees fit and Defendants' calls to Plaintiff were made without his express written permission, the Defendants are liable for

trespass to chattels as the calls diminish the holding capacity of desired calls and reduces battery capacity as well as dispossess the Plaintiff of the legitimate use of his cell phone which has damaged the Plaintiff and caused concrete injury in fact.

45. Since Plaintiff has had his property damaged by Defendants he is entitled to seek money damages from Defendant in the amount of One Dollar ($1.00) for each illegal call that is described herein this Complaint.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of Ten Dollars ($10.00) for the calls identified herein this Count plus the costs of this action.

### COUNT III - VIOLATION OF
### (Knowing and/or Willful Violation of the TCPA
### "Do-Not-Call Policy" Requirement 47 C.F.R. 64.1200 et seq.)

46. Plaintiff incorporates by reference each proceeding and succeeding paragraph as though fully set forth herein.

47. Plaintiff avers that he made a request to Hiob to obtain a copy the written "Do-Not-Call Policy" as provided for at 47 C.F.R. 64.1200(d)(1).

48. To date Plaintiff has not been provided any written policy and therefore Plaintiff concludes that none exists as required.

49. Plaintiff believes and therefore avers that, since any of Defendants did not send Plaintiff a copy of said policy, it is because they do not maintain any and thus their failure to do so is a willful violation of the 47 C.F.R. 64.1200(d)(1) as described herein this Count.

50. Plaintiff avers that 47 U.S.C. § 227(c)(5) provides a private right of action

4825-9309-6159

for claims premised on violations of the TCPA implementing regulations promulgated pursuant to 47 U.S.C. §§ 227(c)(1)-(4) as well as the applicable sections of the Code of Federal Regulations that relate to the TCPA.

51. Plaintiff avers that he is entitled to $1500.00 damages under the TCPA for the willful violation described in this count which violates 47 C.F.R. 64.1200(d)(1).

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of this action for the violation of the TCPA as illuminated herein this Count.

Respectfully submitted,

*/s/ Robert D. Kline*

Robert D. Kline - Plaintiff
2256 Fairview Road
McClure, PA 17841
Telephone 570-658-3448

4825-9309-6159

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

*[signature]*

Robert D. Kline - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

February 9, 2020

---

## VERIFICATION

The undersigned verifies that the statements he made in the foregoing Plaintiff's Complaint are true and correct to the best of his knowledge, information and belief and I understand that statements made there are subject penalties of 18 Pa. C. S. A. § 4904 relating to unsworn falsification to authorities.

*[signature]*

Robert D. Kline - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

February 9, 2020

4825-9309-6159

## CERTIFICATE OF SERVICE

On February 9, 2020, I Robert D. Kline, Plaintiff herein served a copy of Plaintiff's Complaint on the defendant listed below via U. S. Mail, postage paid addressed as follows:

Atty. Erin R. Vuljanic
c/o JacksonKelly, PLLC
501 Grant Street, Ste 1010
Pittsburgh, PA 15219

Axis Insurance Company c/o
Corporation Service Company
43 Technology Pkwy. S., Ste. 300
Norcross, GA 30092

Health and Life Associates, LLC
c/o John Ripple
2700 Philadelphia Road, Ste. C
Edgewood, MD 21040

Kellee Hiob
1819 Robinson Mill Rd.
Darlington, MD 21034

John Ripple
4692 Millenium Drive, Ste 410
Belcamp, MD 21017

Jillian Ripple
4692 Millenium Drive, Ste 410
Belcamp, MD 21017

Robert D. Kline - Plaintiff
2256 Fairview Road
McClure, PA 17841
570-658-3448

4825-9309-6159